UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIGUEL ABREGO CABRERA, on behalf of himself
and all others similarly situated,

Plaintiff,                                         CASE NO:

vs.

LAZA IRON WORKS, INC. and
ISRAEL LAZA, individually,

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Miguel Abrego Cabrera ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, Laza Iron Works, Inc. ("LIW") and Israel Laza ("Laza"), individually (hereinafter collectively referred to as "the Employer," except when referred to individually), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The corporate Defendant, LIW, at all times material hereto was doing business within the jurisdiction of the District Court of the Southern District of Florida, where Plaintiff was employed, and at all times material hereto was engaged in interstate commerce.

4. This action is brought by Plaintiff to recover from the Employer unpaid overtime wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers and also provides its services for goods sold and transported from across state lines, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

6. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

8. The individual Defendant, Mr. Laza, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the corporate Defendant, and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff.

## **COUNT I – UNPAID OVERTIME WAGES**

9. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 8 above.

10. Defendants are a medal fabrication and steel company.

11.     Plaintiff has been employed as a laborer by Defendants from approximately February 2013 through the present.

12.     During the material time period, Plaintiff has been paid a weekly rate of approximately $875.00, and works approximately sixty (60) hours per week.  Plaintiff was not paid overtime wages for overtime hours worked in excess of forty hours weekly as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

13.     At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled for the period of time each day he performed labor on behalf of Defendants.

14.     Defendants intentionally failed to pay Plaintiff his overtime wages as Defendants had knowledge of Plaintiff's schedule and the overtime hours that Plaintiff worked, and showed reckless disregard by failing to comply with the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

15.     Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent him and has incurred attorneys' fees and costs in bringing this action.

WHEREFORE, Plaintiff demands judgment against the Defendants for the payment of compensation for all overtime hours at one and one-half their regular rate of pay for the hours worked for which Plaintiff has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## **DEMAND FOR JURY TRIAL**

16. Plaintiff demands trial by jury as to all issues so triable.

Dated:  July 5, 2016                                      Respectfully submitted,

                                                                        s/Jonathan S. Minick
                                                                        Jonathan S. Minick, Esq.
                                                                        FBN:  88743
                                                                        E-mail:  jminick@jsmlawpa.com
                                                                        Jonathan S. Minick, P.A.
                                                                        1850 SW 8th Street, Suite 307
                                                                        Miami, Florida 33135
                                                                        Phone: (786) 441-8909
                                                                        Facsimile: (786) 523-0610
                                                                        Counsel for Plaintiff